## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. MASON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 06-cv-240-DRH |
| vs. ) | |
| ) | CRIMINAL NO. 04-cr-30022 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count 1 of the indictment); one count of possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (Count 4 of the indictment); one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (Count 5 of the indictment); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (Count 6 of the indictment). On January 21, 2005, Petitioner, in an amended judgment, was sentenced to 240 months imprisonment (240 months on Count 1, 151 months on each of Counts 4 and 5, and 120 months on Count 6, to be served concurrently), ten years supervised release, a fine of $1,000, a special assessment of $400,

and Petitioner was required to forfeit assets and property as specified in the plea agreement. No appeal was filed and Petitioner filed this section 2255 motion on March 24, 2006.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.
>
> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.
>
> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent changes in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon the Sentencing Guidelines amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.
>
> . . . .
>
> The Defendant waives any challenges to the constitutionality of the United States Sentencing Guidelines. The Defendant waives any right to have facts that determine his offense level under the Guidelines be alleged in an indictment and be found by a jury beyond a reasonable doubt. The Defendant agrees that facts that determine his Sentencing Guideline offense will be found by the Court at sentencing by a preponderance of the evidence.

Plea agreement at ¶ II-14 (Doc. 54, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

In this case, Petitioner raises three grounds for relief: 1) that he received ineffective assistance of counsel when his counsel advised him to waive his right to challenge the constitutionality of the Sentencing Guidelines, 2) that the Seventh Circuit's holding in *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005) represents a change in the interpretation of the law of the Circuit regarding what constitutes "cocaine base" and thereby renders Petitioner actually innocent of possession of "crack cocaine," and 3) that his counsel was ineffective for failing to file a notice of appeal. Grounds 1 and 3 do not fall under either of the two exceptions to the waiver listed above.

Petitioner attempts to couch Ground 2 in terms that would render it reviewable here, however his attempt fails because *Edwards* does not represent a change in the interpretation of the law.  In *Edwards* the Seventh Circuit reaffirmed its holding in *United States v. Booker*, 70 F.3d 488 (7th Cir. 1995), that "cocaine base" as used in 21 U.S.C. § 841(b) means "crack."  As such, *Edwards* does not render Petitioner "actually innocent" of possession of crack cocaine.  Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: April 21, 2006**


/s/   David   RHerndon
**DISTRICT JUDGE**